UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FÉDÉRATION INTERNATIONALE
DE FOOTBALL ASSOCIATION ("FIFA"),

    Plaintiff,

v.

CYCLELOGIC, INC.,

    Defendant.
_____/

CASE NO. 04-20358

CIV-HOEVELER

KLEIN

### COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, AND VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

Plaintiff, Fédération Internationale de Football Association ("FIFA"), by its undersigned attorneys, sues Defendant, CycleLogic, Inc., and alleges as follows:

### NATURE OF THE CASE

1. This is an action for federal trademark infringement under Section 32 of the Trademark Act of 1946, as amended, (the "Lanham Act"), 15 U.S.C. § 1114, dilution, false designation of origin and unfair competition under Sections 43(c) and 43(a) of the Lanham Act, §§ 1125(c) and 1125 (a), and for violation of the Anticybersquatting Consumer Protection Act 15 U.S.C.§ 1125(d). The action is brought by FIFA, the owner of the world famous and uncontestable trademark WORLD CUP against a Defendant engaged in widespread intentional infringement and cyber-squatting.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* Furthermore, jurisdiction is proper in this District pursuant to 28 U.S.C. §§ 1331, 1338 (a) by virtue of this action being a question of federal law arising under the trademark laws of the United States, United States Title 15.

3.     Venue in this district is proper under 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1400 (a) because the Defendant resides in this district.

## PARTIES

4.     Plaintiff FIFA is an association governed by Article 60ff of the Swiss Civil Code, having its principal place of business at Hitzigweg 11, 8032 Zurich, Switzerland.  Founded in 1904, FIFA is the worldwide governing body of association football (soccer), whose membership is made up of the national soccer federations of 204 countries.  It is the organizer of the world famous World Cup and Women's World Cup soccer tournaments.

5.     Defendant, CycleLogic Inc. (formerly named StarMedia Network, Inc.), is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business located at 999 Brickell Avenue, Suite 900, Miami, Florida. Defendant transacts business in the Southern District of Florida, has purposefully availed itself of the benefits and protections of doing business in this jurisdiction, and has engaged in actions complained of herein infringing Plaintiff FIFA's rights in this jurisdiction, such that maintenance of this suit is proper in this jurisdiction.

## THE WORLD CUP AND
## THE WOMEN'S WORLD CUP

6.  The World Cup and the Women's World Cup are international soccer competitions organized under the auspices of Plaintiff FIFA. These competitions, which feature teams from around the world, culminate every four years in a series of matches in a specific host country. In 2003, the fourth Women's World Cup took place in 6 cities throughout the United States.

7.  Plaintiff FIFA is the authorized holder of all right, title and interest in and to marks, emblems, symbols, names, terminology and designations connected or associated with the World Cup and Women's World Cup soccer tournaments, including the following trademark registrations and applications in the United States Patent and Trademark Office:

| Trademark | Registration No. |
|---|---|
| WORLD CUP | 2,644,871 |
| FIFA WORLD CUP | 2,645,052 |
| FIFA WORLD CUP TROPHY | 2,665,107 |
| WOMEN'S WORLD CUP & Device | 2,317,715 |
| FIFA WORLD CUP And DESIGN | 1,420,790 |
| FIFA WOMEN'S WORLD CUP (word) | 76/399,360 |
| FIFA WOMEN'S WORLD CUP CHINA 2003 (word & device) | 76/399,361 |
| MUNDIAL 2006 (word) | 76/386,072 |
| STYLIZED WORLD CUP TROPHY SYMBOL (device mark) | 76/477,511 |

8. The World Cup and Women's World Cup marks, emblems, symbols, names, terminology and designations protected under the above-referenced trademark registrations or otherwise by law have obtained considerable value and secondary meaning and identify Plaintiff's products and services to the consuming public, especially soccer fans. The World Cup and Women's World Cup marks, emblems, symbols, designs, logos, names, terminology and designations herein referenced are hereinafter referred to as the "World Cup Marks."

9. Plaintiff has used the World Cup Marks in its www.WorldCup.com, www.FIFA.com, and www.FIFAWorldCup.com domain names to aggressively promote the World Cup tournament and merchandise. Plaintiff has continuously used its www.WorldCup.com domain name to promote the World Cup tournament and merchandise since at least 1994 when the official World Cup website was operated on Plaintiff's behalf by Electronic Data Systems (EDS), the Official Information Technology Partner of the 1994 World Cup tournament held in the USA. FIFA's Official Partner for the official World Cup website is currently Yahoo!, Inc. Yahoo!, Inc. has hosted the Official Website of the World Cup since 2001 and is contracted to do so until 2006. Thereafter FIFA will continue to operate its official World Cup website using Yahoo!, Inc. or another Official Partner. FIFA's commercial program for its World Cup tournaments relies on the principle that it can guarantee exclusivity of marketing rights to its Official Partners in relation to their specific product or service category. In addition to the Official Website, Yahoo!, Inc.'s product/service category as Official Partner of the World Cup includes official portal, official online store, official search engine, e-mail, instant messaging services, and ISP services outside Europe. Internet users who type in WorldCup.com or FIFAWorldCup.com are led to the Official Website. Defendant's "COPAMUNDIAL.COM"

domain name is the equivalent of "WorldCup.com" in Spanish, and "COPADOMUNDO.COM" is the equivalent of "WorldCup.com" in Portuguese.

10. The Official Website of the World Cup tournament contains news about current and upcoming World Cup events and matches, photos, articles, interactive games, statistics, player profiles, and an Official Store, where World Cup soccer fans may purchase authorized apparel and accessories manufactured by official sponsors of the World Cup, such as Adidas. The Official Website also contains links to many of the tournament's sponsors, including McDonalds, Coca-Cola, and Mastercard, all of which pay large sums of money to be affiliated with the World Cup.

11. In addition to using the World Cup Marks in its domain names and websites to promote the World Cup and Women's World Cup, FIFA has also used its World Cup Marks directly and through its authorized licensees, including FIFA Marketing AG, the United States Soccer Federation, and commercial affiliates, such as official broadcasters, sponsors, suppliers and licensees, who are authorized to use the World Cup Marks on specific products. Authorized use of World Cup Marks in advertising, or on goods or merchandise, signifies to the public that goods, apparel, merchandise, products, services or contributions were donated, supplied, furnished, approved, selected or used by Plaintiff. Accordingly, Plaintiff has established a policy and practice of restricting use of World Cup Marks to goods and services that are provided by Plaintiff FIFA and its sponsors and commercial affiliates.

12. Plaintiff FIFA owns a number of marks relating to the World Cup games, including the Marks WORLD CUP, FIFA WORLD CUP, WOMEN'S WORLD CUP, FIFA WOMEN'S WORLD CUP, and MUNDIAL 2006, among others. Plaintiff FIFA licenses sponsors of the World Cup to use these Marks on Internet web sites and on a wide variety of

goods in order to raise funds for staging the World Cup. FIFA's sponsors willingly pay for the privilege of sponsorship in exchange for the right to associate their goods and services with FIFA's Marks. In order to maintain the value of these Marks, Plaintiff FIFA must be able to exclude unauthorized persons from their use. Defendant's registration of the domain names COPAMUNDIAL.COM and COPADOMUNDO.COM, the Spanish and Portuguese equivalents of WORLD CUP, damages and undermines the value of the FIFA's established Marks to existing and prospective commercial sponsors, thereby undermining FIFA's ability to fund the World Cup games.

13. Plaintiff has widely distributed throughout the United States authorized and licensed goods and merchandise bearing World Cup Marks, including T-shirts, long-sleeve shirts, sweatshirts, hats and key chains, distributed by FIFA's commercial affiliates, and licensed services offered under the World Cup Marks. There is a substantial public demand for such goods and services, and as a result of this public demand, authorized goods and services bearing World Cup Marks have become valuable commercial properties.

14. Genuine goods and merchandise bearing World Cup Marks have been advertised to the purchasing public and to the trades throughout the United States on an extensive and frequent basis through a variety of advertising media, including newspapers, magazines, television, radio and various trade publications.

15. Genuine goods and merchandise bearing World Cup Marks, by reason of their style, design, excellence and quality of workmanship, and by reason of their approval by Plaintiff, have come to be well and favorably known to the purchasing public throughout the United States as representing goods and merchandise of the highest quality and utmost prestige.

As a result, the World Cup Marks and the goodwill associated therewith are of inestimable value to Plaintiff.

16. The World Cup Marks are world-famous. They have been used in connection with the World Cup soccer competition. This competition, which is held every four years, is the most televised and viewed sporting event in the world. Television coverage of the 2002 World Cup, held in Korea and Japan, reached 213 countries, almost every country in the world, with over 41,100 hours of dedicated programming over the 25 match days of the event. In the United States, an audience of more than 85 million television viewers, or an average of 1.3 million per match, watched the World Cup. The world television audience totaled nearly 1.5 billion viewers, with repeat viewership reaching over 28 billion viewers. The 2002 World Cup also received extensive print coverage in general circulation newspapers and sports magazines. The World Cup games are avidly followed by Spanish and Portuguese-speaking soccer fans in the United States. The 1994 World Cup event drew over a million viewers on one Spanish-speaking television station.

17. The world-famous World Cup Marks have also been used in connection with the Women's World Cup. Despite its relative youth, the Women's World Cup soccer tournament has enjoyed tremendous popularity. The Women's World Cup enjoyed tremendous success when it was last held in 1999 in the United States, drawing 1,194,215 spectators to the matches and approximately 40 million television viewers, as well as 90,185 spectators present in person to watch the tournament's final match at the Rose Bowl in Pasadena, the largest number of spectators ever to attend an all-women's sporting event. The Women's World Cup games are avidly followed by Spanish and Portuguese-speaking soccer fans in the United States.

18. In Spanish and Portuguese-speaking countries, soccer (or association football, as it is termed there) is by far the most popular sport. Fans in such countries avidly follow the World Cup and the Women's World Cup, both of which take place under the auspices of FIFA under the World Cup Marks, including the Mark "WORLD CUP." In Spanish, "WORLD CUP" translates into COPA MUNDIAL. In Portuguese, "WORLD CUP" translates into COPA DO MUNDO.

19. In addition to the tremendous popularity the World Cup and Women's World Cup have attained in Spanish and Portuguese-speaking countries, the 2000 U.S. Census indicated that 28.1 million Americans speak Spanish as their primary language at home. The percentage of Spanish speakers in this District, where Defendant resides, is among the highest in the country. These figures do not include Americans who speak Spanish as a secondary language, nor does it include Portuguese-speaking Americans.

20. World Cup Marks, including the Mark "WORLD CUP," have developed secondary meaning in the public mind, in that the trade and purchasing public, especially soccer fans, come to know and associate the World Cup Marks with Plaintiff and the World Cup and Women's World Cup soccer competition. The goodwill connected with these World Cup Marks controls and determines the long-term viability of Plaintiff's efforts in organizing the World Cup and Women's World Cup Tournaments.

## **DEFENDANT CYCLELOGIC**

21. Defendant CycleLogic is not an authorized sponsor or commercial affiliate of the World Cup or Women's World Cup. Plaintiff FIFA has not authorized Defendant to use any of the World Cup Marks.

22. Defendant company was founded in March 1996 as StarMedia Network, Inc., an Internet media company that launched, owned and operated Internet portals and websites tailored to the interests of Spanish and Portuguese-speaking Internet users. Around July 2002, StarMedia changed its name to CycleLogic, Inc., and entered the mobile Internet business, by which it enables Internet users to gain access to the Internet from multiple platforms, including wireless telephones. CycleLogic no longer operates web portals geared to the interests of Spanish and Portuguese-speaking Internet users.

23. Defendant has registered the Internet domain names COPAMUNDIAL.COM and COPADOMUNDO.COM.

24. Defendant's predecessor in interest, StarMedia Network, Inc., activated websites at COPAMUNDIAL.COM and COPADOMUNDO.COM for commercial use during the 1998 and 2002 World Cup tournaments. The websites contained links to a "shopping" web page with photos of World Cup related merchandise offered for sale, including soccer jerseys, shirts, shoes, backpacks, and other apparel and accessories. The websites also contained banner advertisements, which likely created additional revenue for StarMedia by capitalizing on the fame and goodwill the World Cup Marks have achieved. Defendant's infringing use of these websites to sell World Cup apparel and merchandise placed them in direct competition with FIFA, which maintains an Official Online Store to market its authorized World Cup apparel and accessories. Plaintiff FIFA placed StarMedia on notice as early as May 1998 that its use of these marks and domain names was an infringement upon FIFA's exclusive trademark rights. FIFA subsequently obtained favorable legal decisions against StarMedia's attempts to register COPAMUNDIAL.COM and COPADOMUNDO.COM as trademarks in Spain, Argentina, and Paraguay, with proceedings in other countries currently ongoing.

25. Defendant CycleLogic (when named StarMedia) registered the mark COPAMUNDIAL.COM on the Supplemental Register of the U.S. Patent and Trademark Office, Registration No. 2,384,281.

26. In addition, Defendant CycleLogic (when named StarMedia) registered the mark COPADOMUNDO.COM on the Supplemental Register of the U.S. Patent and Trademark Office, Registration No. 2,384,280.

27. Because Defendant registered the above marks on the Supplemental Register, these registrations were not susceptible to an opposition proceeding by Plaintiff.

28. Defendant CycleLogic (when named StarMedia) also registered the marks COPAMUNDIAL.COM and COPADOMUNDO.COM in at least 15 foreign countries. Plaintiff has successfully opposed registration of these marks in Argentina, Paraguay, and Spain, and is currently opposing them in several other countries. The decision of the Spanish Patent and Trademark Office noted that "COPAMUNDIAL" and "World Cup" have the same meaning, and although FIFA's marks are in English, the phrase is "very popular" and "easily understandable to the Spanish public." Similarly, the Paraguay Director General of Intellectual Property found Defendant's attempted registrations of "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" to be "conceptually identical" to "World Cup," with the only difference being the addition of the generic extension, ".COM." The addition of .COM is not enough to dispel consumer confusion between otherwise identical marks.

29. Defendant's registrations are designated as follows:

| Country | Trademark | Application/Registration No. |
|---|---|---|
| Bolivia | COPADOMUNDO.COM | 02707 |
| Bolivia | COPAMUNDIAL.COM | 18491 |
| Colombia | COPADOMUNDO.COM | 98-009531 210981 |
| Colombia | COPAMUNDIAL.COM | 98-72337 213296 |

| | | |
|---|---|---|
| Costa Rica | COPADOMUNDO.COM | 98-0001197 113270 |
| Cuba | COPADOMUNDO.COM | 310/98 127398 |
| Cuba | COPAMUNDIAL.COM | 311/98 128765 |
| Dominican Republic | COPADOMUNDO.COM | 24907 99113 |
| Dominican Republic | COPAMUNDIAL.COM | 24908 99114 |
| Ecuador | COPADOMUNDO.COM | 85672 2469-00 |
| Ecuador | COPAMUNDIAL.COM | 84004 2458-00 |
| El Salvador | COPADOMUNDO.COM | 1353-98 00055-0135 |
| El Salvador | COPAMUNDIAL.COM | 1322-98 00053-0119 |
| Guatemala | COPAMUNDIAL.COM | 08949-98 99951 |
| Honduras | COPADOMUNDO.COM | 2498-98 5050 |
| Honduras | COPAMUNDIAL.COM | 2499-98 5051 |
| Mexico | COPADOMUNDO.COM | 326233 611098 |
| Mexico | COPAMUNDIAL.COM | 318105 614422 |
| Nicaragua | COPADOMUNDO.COM | 98-00788 38648cc |
| Nicaragua | COPAMUNDIAL.COM | 98-00787 44581cc |
| Peru | COPADOMUNDO.COM | 57355 014761 |
| Peru | COPAMUNDIAL.COM | 57355 014760 |
| Portugal | COPADOMUNDO.COM | 329.013 |
| Portugal | COPAMUNDIAL.COM | 329.014 |
| Uruguay | COPADOMUNDO.COM | 301697 |
| Venezuela | COPADOMUNDO.COM | 1998-002981 S011295 |

30. The English translation of the Spanish "COPAMUNDIAL", contained in Defendant's mark and domain name COPAMUNDIAL.COM is "World Cup".

31. The English translation of the Portuguese "COPADOMUNDO" contained in Defendant's mark and domain name COPADOMUNDO.COM is "World Cup".

32. Where an allegedly infringing trademark is a foreign word, courts apply the doctrine of foreign equivalents. Under the doctrine of foreign equivalents, if a foreign phrase translated into English is the same as an existing English trademark, the marks are considered to be confusingly similar.

33. Defendant CycleLogic's and StarMedia's use of COPAMUNDIAL.COM and COPADOMUNDO.COM violates FIFA's rights in the World Cup Marks. Consumers and potential consumers are likely to infer that CycleLogic and its products and services are endorsed

by, approved by, affiliated with or associated with, FIFA and/or the World Cup or Women's World Cup.

34.   Plaintiff FIFA has demanded that Defendant CycleLogic cancel or transfer its domain names and registrations of the marks COPAMUNDIAL.COM and COPADOMUNDO.COM, but Defendant CycleLogic has failed and refused to do so. Plaintiff notified Defendant's predecessor-in-interest, StarMedia Network, Inc., that use of these marks and domain names infringed FIFA's exclusive trademark rights, as early as May 1998, and has subsequently obtained favorable legal decisions in Spain, Argentina, and Paraguay with proceedings in other countries currently ongoing. After StarMedia became CycleLogic, Inc., Plaintiff promptly notified Defendant that its registrations of the domain names at issue violated FIFA's exclusive trademarks rights. Defendant's continued retention of the domain names and marks, despite FIFA's demand that such infringement cease, confirms the willful nature of CycleLogic's conduct.

35.   Defendant CycleLogic's aforesaid conduct is damaging to Plaintiff FIFA, to FIFA's commercial affiliates, and to the consuming public. FIFA depends on its commercial affiliates — i.e., its sponsors, licensees and suppliers — to provide financial support to FIFA's events. FIFA's commercial program for its World Cup tournaments relies on the principle that it can guarantee exclusivity of marketing rights to its Official Partners in relation to their specific product or service category. Without the ability to guarantee exclusive marketing rights to its competitions, FIFA will not be able to attract Official Partners. Without the support of the Official Partners, the staging of FIFA events would be all but impossible. Infringement of FIFA's World Cup and Women's World Cup Marks directly and adversely affects the value FIFA can deliver to its Official Partners. Moreover, the infringement adversely affects FIFA's

ability to sustain long-term relationships with its Official Partners, which have paid for rights as an Official Partner of the World Cup and Women's World Cup. Defendant's use of its www.COPAMUNDIAL.com and www.COPADOMUNDO.com domain names is in direct competition with FIFA and its Official Partner for the World Cup in relation to the Official Website, official portal, official online store, official search engine, e-mail, instant messaging services, and ISP services outside Europe. Consumers, including soccer fans, rely upon FIFA to organize and stage the World Cup and Women's World Cup games. They also rely upon FIFA as the source of consistently high quality goods and services bearing the World Cup Marks.

36.  Defendant's infringing use of the World Cup Marks in its www.COPAMUNDIAL.com and www.COPADOMUNDO.com domain names undermines Plaintiff's ability to reflect its mark online, and severely restricts FIFA's ability to use its most effective international advertising vehicle, the Internet, to promote the World Cup tournament to Spanish and Portuguese speakers. Spanish and Portuguese-speaking Internet users seeking to locate information about the World Cup tournament or its sponsors, or trying to purchase official World Cup apparel or accessories, are likely to type in one of Defendant's domain names rather than the identical English equivalent, "WorldCup.com," under the mistaken belief that "COPAMUNDIAL.COM" or "COPADOMUNDO.COM" will lead to the Official Website of the World Cup, written in Spanish or Portuguese. Defendant's registrations of COPAMUNDIAL.COM and COPADOMUNDO.COM violate FIFA's rights in its World Cup Marks, are likely to confuse Internet users into believing that Defendant is affiliated or associated with FIFA, and foreclose the possibility that Plaintiff FIFA can fairly and accurately reflect its World Cup mark online to attract Spanish and Portuguese Internet users.

## FIRST CLAIM
### (Trademark Infringement)

37. Plaintiff restates and incorporates by reference each and every allegation and claim set forth in paragraphs 1 through 36 above.

38. Plaintiff FIFA is the sole owner of the World Cup Marks containing the phrase "World Cup."

39. Defendant has infringed and will continue to infringe Plaintiff's rights in the World Cup Marks by using the domain names and marks "COPAMUNDIAL.COM" and "COPADOMUNDO.COM, which contain the foreign equivalents of "World Cup" in Spanish and Portuguese, respectively. COPAMUNDIAL and COPADOMUNDO are phrases in Spanish and Portuguese, which languages are familiar to an appreciable segment of consumers in the United States, and are the equivalent of "World Cup" in English. "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" are confusingly similar to or substantially indistinguishable from the World Cup trademark "World Cup."

40. Defendant's conduct with respect to these domain names and marks is knowing, willful and intentional.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has and will sustain a loss.

## SECOND CLAIM
### (Federal Unfair Competition)

42. Plaintiff incorporates by reference all factual averments set forth in paragraphs 1 through 36 above.

43. Defendant's use of Plaintiff FIFA's World Cup Marks in commerce in connection with its services constitutes a false designation of origin, false or misleading

description of fact, or false or misleading representation of fact that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or activities by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. At all relevant times, Defendant knew, should have known, or had reason to know of Plaintiff's federal registrations and common law rights in the World Cup Marks. Defendant has nonetheless willfully undertaken its aforementioned actions in contravention of Plaintiff's rights.

45. Plaintiff has not authorized or licensed Defendant to use Plaintiff's World Cup marks, or any variation thereof, such as "COPAMUNDIAL.COM" or "COPADOMUNDO.COM," on merchandise, services, or in its Internet domain names.

46. Plaintiff has no control over Defendant's use of the World Cup Marks, nor over the quality of goods or services Defendant provides. Such uncontrolled use places Plaintiff's marks, reputation, and good will at risk of serious injury and loss of value.

47. The acts of Defendant CycleLogic complained of herein have caused and will continue to cause injury to Plaintiff, its name and mark, reputation, and the good will that it has built in the World Cup Marks.

### THIRD CLAIM
### (Trademark Dilution)

48. Plaintiff restates and incorporates by reference each and every allegation set forth in paragraphs 1 through 36 above.

49. Plaintiff's World Cup Marks are well-known and world-famous.

50. Defendant's domain names incorporate marks and matter constituting unlicensed and unauthorized copies, replicas, simulations and imitations of the distinctive World Cup and

Women's World Cup marks. Defendant's actions are an attempt to encroach upon Plaintiff's business by the use of similar marks, names, or devices, with the intention of deceiving and misleading the public. As set forth herein Defendant's actions are willful and intentional, dilute Plaintiff's World Cup Marks and injure Plaintiff's business reputation.

51.     Defendant's aforesaid conduct lessens the capacity of the famous World Cup Marks to identify and distinguish Plaintiff's goods and services.

52.     As a direct and proximate of Defendant's conduct, Plaintiff has and will sustain a loss, and hereby asserts a claim for injunctive and monetary relief.

## FOURTH CLAIM
### (False Suggestion of Connection With An Institution)

53.     Plaintiff restates and incorporates by reference each and every allegation set forth in paragraphs 1 through 36 above.

54.     FIFA's federally registered World Cup Mark, as well as the registrations of the mark, point uniquely and unmistakably to Plaintiff FIFA, the institution responsible for the World Cup and Women's World Cup.

55.     Defendant CycleLogic, through the use of the "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" domain names and marks, has sought to engender a false association or connection with FIFA in the minds of consumers as to the origin of its goods and services.

56.     Defendant CycleLogic, through the use of the "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" domain names and marks, has evinced an intent to trade upon the good will generated by FIFA.

57.     Defendant's use of the "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" domain names falsely suggests a connection with an institution under Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).

58. By reason of the foregoing, Plaintiff seeks relief under Section 2(a) of the Lanham Act.

## FIFTH CLAIM
### (Violation of Anticybersquatting Consumer Protection Act)

59. Plaintiff restates and incorporates by reference each and every allegation set forth in paragraphs 1 through 36 above.

60. The World Cup Marks were distinctive and famous at the time of Defendant's registration of the domain names.

61. Defendant CycleLogic's domain names are identical to, confusingly similar to or dilutive of the World Cup Marks.

62. Defendant has registered the domain names with the bad faith intent to profit from the goodwill of the World Cup and/or Women's World Cup and thus, has engaged in cyberpiracy in violation of the ACPA.

63. Defendant's acts of cyberpiracy have caused injury to the goodwill of FIFA and the World Cup and Women's World Cup.

64. By reason of the above, FIFA is entitled to relief against Defendant, restraining further acts of cyberpiracy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Fédération Internationale de Football Association (FIFA), requests the following relief in its favor and against Defendant, CycleLogic, Inc.:

A. Declare that Defendant's unauthorized conduct violates FIFA's rights under the Lanham Act and the ACPA.

B. Permanently enjoin Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant, from:

(1) making any use of the domain names "COPAMUNDIAL.COM" and "COPADOMUNDO.COM";

(2) registering any other domain names incorporating, in whole or in part, COPAMUNDIAL or COPADOMUNDO, or any word or mark identical or similar to the World Cup Marks;

(3) using any trade name, trademark, or service mark identical or similar to the World Cup Marks in commerce in connection with the sale or offering for sale of any goods or services;

C. Order that Defendant transfer its registrations of the domain names "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" to FIFA.

D. Order that Defendant transfer or assign its United States registrations of the marks COPAMUNDIAL.COM, Registration No. 2,384,281 and COPADOMUNDO.COM Registration No. 2,384,280 to Plaintiff.

E. Order that Defendant transfer or assign all foreign registrations of the marks COPAMUNDIAL.COM and COPADOMUNDO.COM to Plaintiff.

F. Award statutory damages to Plaintiff FIFA in the amount of $100,000 per domain name as provided for in 15 U.S.C. § 1117(d).

G. Award damages to Plaintiff FIFA for Defendant's wrongful conduct, including treble damages for Defendant's intentional and willful trademark infringement pursuant to 15 U.S.C. § 1117(b).

H.  Award Plaintiff FIFA costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117.

I.  Award FIFA such other and further relief as this Court deems just and proper.

Dated: February 12, 2004.

Respectfully submitted,

Kluger, Peretz, Kaplan & Berlin, P.L.
17th Floor Miami Center
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone: 305 379 9000
Facsimile: 305 379 3428

By: _____
Steven I. Peretz
Florida Bar No. 329037
Jorge Espinosa
Florida Bar No. 779032

Attorneys for Fédération Internationale De Football Association

and

Co Counsel:

Silverberg, Goldman & Bikoff, L.L.P.
David K. Heasley, Esq.
Georgetown Place, Suite 120
1101 30th Street, NW
Washington, D.C. 20007
Tel: 202-944-3300
Fax: 202-944-3306

{W:\Intell\0110\0231/M0160189 v.1; 2/9/2004 01:25 PM}

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 04-20358

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Federation Internationale de Football Association

**DEFENDANTS**
Cyclelogic,

**CIV-HOEVELER**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Switzerland
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 04-20358 CIV WMH/Klein

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven I. Peretz, Jorge Espinosa  tel.: 305-379-9000
Kluger, Peretz, Kaplan & Berlin, P.L.
201 S. Biscayne Blvd. Miami FL 33131

ATTORNEYS (IF KNOWN)  KLEIN

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  (DADE,)  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This is an action for trademark infringement under section 32 of the Trademark Act of 1946, 15 USC §1114

LENGTH OF TRIAL
via___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

**VIII. RELATED CASE(S)** (See instructions)
IF ANY
JUDGE _____  DOCKET NUMBER _____

DATE  Feb. 6 2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT $150.00 APPLYING IFP ___ 896761 JUDGE ___ MAG JUDGE ___
02/13/04