UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
*Miami Division*

CASE NO.: 04-20358-CIV-HOEVELER

FILED by _IM_ D.C.

MAY 13 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FEDERATION INTERNATIONALE
DE FOOTBALL ASSOCIATION ("FIFA"),

      Plaintiff,

v.

CYCLELOGIC, INC.,

      Defendant,

_____/

## **FINAL JUDGMENT AFTER DEFAULT**

      This cause came before the Court upon Plaintiff, Fédération Internationale de Football Association's ("FIFA") motion for Entry of Final Judgment After Default. The Court, having reviewed the file, the Motion and being otherwise fully advised in the premises, does hereby find:

    1.    That the uncontroverted evidence shows as follows:

        (a) On February 13, 2004, FIFA filed its complaint with this Honorable Court against Defendant, alleging trademark infringement, unfair competition, trademark dilution, false suggestion of connection with an institution, and violation of the Anti-Cybersquatting Consumer Protection Act of 1999, 15 U.S.C. §1125(d) (hereinafter "ACPA").

        (b) Defendant was served with the Summons and Complaint in this action on February 17, 2004.



Case No.: 04-20358-CIV-HOEVELER

    (c) Defendant failed to timely file or serve any paper in response to the Complaint.

    (d) On March 11, 2004, a default was entered against Defendant as a result of its failure to serve or file any paper or pleadings.

2. Based on the foregoing, the Court hereby ORDERS AND ADJUDGES as follows:

    (a) This Court has jurisdiction over the parties and the subject matter hereof, and the Complaint states claims on which relief may be granted.

    (b) Plaintiff's Motion for Entry of Final Judgment After Default is **GRANTED**.

    (c) This Court declares that Defendant's conduct violates FIFA's rights under the Lanham Act and the ACPA.

    (d) This Court permanently enjoins Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from making any use of the domain names "COPAMUNDIAL.COM" and "COPADOMUNDO.COM"; registering any other domain names incorporating, in whole or in part, COPAMUNDIAL or COPADOMUNDO, or any word or mark identical or similar to the World Cup marks; using any trade name, trademark or service mark identical or similar to the World Cup marks, COPAMUNDIAL or COPADOMUNDO in commerce or in connection with the sale or offering for sale of any goods or services.

    (e) This Court orders the domain names "COPAMUNDIAL.COM" and "COPADOMUNDO.COM" to be transferred from Defendant to FIFA.

(f) This Court orders Defendant to transfer or assign its United States registrations of the marks COPAMUNDIAL.COM, Registration No. 2,384,281, and COPADOMUNDO.COM, Registration No. 2,384,280, to FIFA.

(g) This Court orders Defendant to transfer or assign all foreign registrations of the marks COPAMUNDIAL.COM or COPADOMUNDO.COM to FIFA.

3. Plaintiff, FIFA, whose address is FIFA, Hitzigweg 11, 8032 Zurich, Switzerland is also entitled to attorney's fees pursuant to 15 U.S.C. §1117 which provides for such fees in "exceptional cases." A case is exceptional if the defendant has acted in bad faith or with willful and deliberate conduct. See Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161 (11th Cir. 1994). After careful consideration of Plaintiff's Complaint it appears that the Defendant's continuing infringement despite demands to cease was knowing, willful, and intentional. Additionally, a case may be considered exceptional where the defendants disregard the proceedings and do not appear. Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd., 175 F.R.D. 658, 663 (S.D. Cal. 1997). (finding "because defendant has failed to appear, plaintiff may request an award of reasonable attorney fees"). Defendants' failure to appear, therefore, also supports Plaintiff's request for attorney fees. Plaintiff is directed to submit a detailed affidavit describing the work done by attorneys [precluding paralegals and administrative personnel], the time involved, and the amount claimed for each such item of work within fifteen (15) calendar days of the date of this Order.

DONE AND ORDERED in Chambers in Miami this 13th day of May 2004.

*[signature]*
WILLIAM M. HOEVELER
U.S. DISTRICT COURT JUDGE

<u>Copies furnished to:</u>

Jorge Espinosa, Esq.

James L. Bikoff, Esq.

CT Corp. (as registered agent for Cycelogic Inc.)

1200 S. Pine Island Road

Plantation, FL 33324